UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VAX-D MEDICAL TECHNOLOGIES,
LLC,

        Plaintiff,

v.                                            Case Number: 8:04-CV-1617-T-26TGW

ALLIED HEALTH MANAGEMENT, LTD.,

        Defendant.
_____/

## COMPLAINT

The Plaintiff, VAX-D MEDICAL TECHNOLOGIES, LLC ("VAX-D") a Florida limited liability company sues the Defendant ALLIED HEALTH MANAGEMENT, LTD., d/b/a Gilbertson Chiropractic Health Center, a/k/a Back Pain Institute ("Allied"), a Missouri corporation and states:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $75,000.00.

2. Plaintiff VAX-D is a Florida limited liability company having its principal place of business in Oldsmar, Florida.

3. Defendant Allied, upon information and belief, is a Missouri corporation with its principal place of business in Bridgeton, Missouri.

4. H. Kenneth Gilbertson ("Gilbertson"), upon information and belief, is a Missouri resident and an officer, director, agent or employee of Allied.



5.  This Court has jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00 and involves citizens of different states.

6.  This court has jurisdiction over the parties and venue is proper in the United States Middle District of Florida by virtue of agreement between the parties and Middle District of Florida Local Rule 1.02(b)(4).  See Confidentiality Agreement, *Exhibit A*, at section 10.9.

7.  VAX-D and Allied entered into a confidentiality, non-use and non-disclosure agreement (the "Confidentiality Agreement") wherein in connection with VAX-D's grant of limited distribution rights to Allied of VAX-D therapeutic tables, VAX-D's grant of certain licensing rights with respect to the use of VAX-D's mark and the VAX-D trade name in marketing and distribution and for other valuable consideration, Allied agreed, among other things, that Allied and its agents, officers, directors and employees would:

> a)  Keep confidential certain trade secrets and confidential information (collectively referred to as the "Confidential Information") belonging to VAX-D regarding VAX-D's business operations and therapeutic tables;
>
> b)  Neither directly, nor indirectly, disclose divulge or communicate any of VAX-D's Confidential Information to any third person, partnership, company or corporation; and

    c)    Not use any of VAX-D's Confidential Information to copy, reverse engineer, manufacture or have manufactured on Allied's behalf, or facilitate the manufacture by any other party, a product similar to the therapeutic tables manufactured by VAX-D.

A true and correct copy of the Confidentiality Agreement entered into is attached hereto as "***Exhibit A***."

    8.    Gilbertson executed the Confidentiality Agreement and was personally aware of the restrictions against disclosure and use of the confidential information by Allied's officers, directors, employees and agents as described above.

    9.    The Confidentiality Agreement was reasonably necessary to protect the existing legitimate business interests of VAX-D, including the protection of VAX-D's:

    a)    Trade secrets and proprietary information;

    b)    Valuable confidential business and professional information;

    c)    Substantial relationships with other distributors, customers, and vendors;

    d)    Customer, patient and distributor goodwill associated with VAX-D's ongoing business, trade name and trade mark; and

    e)    Extraordinary or specialized training of Allied employees and agents.

    10.    Plaintiff, VAX-D, has retained the undersigned counsel to pursue the instant matter and has agreed to pay them a reasonable fee.

11. All conditions precedent to the filing of the instant action have occurred or have been waived.

## COUNT I
## BREACH OF CONTRACT
## DAMAGES

12. Plaintiff VAX-D incorporates by reference its allegations contained in 1-11 above as though more fully set forth herein.

13. Allied breached the Confidentiality Agreement with VAX-D by among other things:

   a) Failing to keep confidential VAX-D's Confidential Information;

   b) Disclosing VAX-D's Confidential Information to one or more third parties; and

   c) Using VAX-D's Confidential Information to manufacture or have manufactured on Allied's behalf a product similar to the therapeutic tables manufactured by VAX-D (the "Similar Tables");

14. As a direct and consequential result of Allied's breaches of the Confidentiality Agreement, VAX-D has been damaged.

15. VAX-D is entitled to the recovery of its reasonable attorneys' fees and costs for bring the instant action by virtue of agreement between the parties.

WHEREFORE the Plaintiff, VAX-D Medical Technologies, requests judgment in its favor and against Allied Health Management, Ltd. for its damages, reasonable attorneys' fees and costs and such other and further relief as this court deems just and proper.

## COUNT II
## BREACH OF CONTRACT
## INJUNCTIVE RELIEF

16. Plaintiff VAX-D incorporates by reference its allegations contained in 1-11 above as though more fully set forth herein.

17. Allied breached the Confidentiality Agreement with VAX-D by among other things:

    a) Failing to keep confidential VAX-D's Confidential Information;

    b) Disclosing VAX-D's Confidential Information to one or more third parties; and

    c) Using VAX-D's Confidential Information to manufacture or have manufactured on Allied's behalf a product similar to the therapeutic tables manufactured by VAX-D (the "Similar Tables");

18. An award of damages alone will not afford VAX-D the full measure of relief against Allied to which it is entitled and under the Confidentiality Agreement the parties each acknowledged that injunctive relief may be obtained for breach.

19. Plaintiff has no adequate remedy at law. Upon information and belief, Defendant intends to continue to engage in the breaching conduct and if unchecked, Plaintiff will continue to suffer injury, loss of goodwill and diminution of its proprietary interests in the Confidential Information, including trade secrets, as the result of Defendant's wrongful conduct.

20. As a direct and consequential result of Allied's breaches of the Confidentiality Agreement, VAX-D is entitled to injunctive relief restraining Allied,

Gilbertson, as well as all other officers, directors, employees, and agents acting in concert with them, their use and disclosure of VAX-D's Confidential Information and Allied's use of Similar Tables that it had manufactured.

21. VAX-D is entitled to the recovery of its reasonable attorneys' fees and costs for bring the instant action by virtue of agreement between the parties.

WHEREFORE the Plaintiff, VAX-D Medical Technologies, requests judgment in its favor and against Allied Health Management, Ltd. for injunctive relief against Allied, Gilbertson and those with whom Allied is acting in concert, for recovery of its reasonable attorneys' fees and costs, and such other and further relief as this court deems just and proper.

CHARLES G. GEITNER (Trial Counsel)
Florida Bar No. 085170
DAVID W. ADAMS (Trial Counsel)
Florida Bar No. 892416
**BROAD AND CASSEL**
P.O. Box 3310
Tampa, Florida 33601-3310
(813) 225-3020
(813) 225-3039 facsimile
Attorneys for Plaintiff, VAX-D Medical,
    Technologies, LLC

<u>CONFIDENTIALITY AGREEMENT</u>
(Distributor Transaction)

THIS CONFIDENTIALITY AGREEMENT is made and entered into this     day of        , 1996, by and between VAX-D Medical Technologies L.C. a company organized under the laws on Florida, U.S.A. ("VMT"), and Allied Health Management, Ltd. ("AHM") a corporation organized under the laws of the State of Missouri, U.S.A.

WITNESSETH:

~~December~~ WHEREAS, in connection with that certain Distributor Agreement dated ~~October~~ ___ 1996 (the "Distributor Agreement") by and between VMT and AHM relating to the distribution of certain VAX-D Tables ("Tables") (as more fully defined in the Distributor Agreement) by AHM, AHM may from time to time have access to confidential information relating to VMT and the Tables; and

WHEREAS, AHM recognizes, understands and accepts that the business of VMT would be irreparably damaged if AHM disclosed such confidential information concerning the business of VMT or the Tables.

NOW, THEREFORE, in consideration of the premises contained herein and in the Distributor Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. <u>DEFINED TERMS.</u>

Unless otherwise specifically defined in this Agreement, all capitalized terms herein shall have the meanings ascribed to them in the Distributor Agreement.

2 <u>ACCESS TO VMT'S CONFIDENTIAL INFORMATION AND OWNERSHIP THEREOF:</u>

AHM hereby acknowledges that, in connection with the Distributor Agreement AHM has, will or may be exposed to, and has, will or may have access to Confidential Information, as defined in Section 3 hereof. AHM acknowledges that VMT retains exclusive right, title and interest in any Confidential Information at all times.

1

VMT                                AHM                    EXHIBIT A

3      DEFINITION OF "CONFIDENTIAL INFORMATION"

   3.1.   Confidential Information. For purposes of this Agreement, the term "Confidential Information" shall consist of all data and information with respect to VMT, VMT's business operations and the Tables that has not been publicly disclosed and is not a matter of common knowledge in the medical industry, including - without limitation technical information, formulae, research projects, production processes, trade secrets, procedures, concepts, inventions, manufacturing techniques and methods relating to the production of the Tables, information regarding current and future business plans and financial information relating to VMT and VMT's operations, as well as information regarding marketing techniques and arrangements, mailing lists, customer lists and prospective customer lists.

   3.2   Information That is Not "Confidential Information." "Confidential information" shall not include information regarding VMT or the Tables that is, or becomes publicly available without violation of this Agreement; that was already known to or otherwise in the possession of AHM through independent sources prior to the execution of this Agreement; or that becomes publicly available or otherwise in the public domain other than through disclosure by AHM.

4      AGREEMENT NOT TO DISCLOSE OR USE.

   4.1   Agreement Not To Disclose or Use.   Except as set forth in Section 4.3 hereof, AHM agrees that neither it nor its current or future agents, independent contractors, directors, officers, employees or stockholders shall, without prior written consent of VMT, at any time, in any fashion, form or manner, directly or indirectly, divulge, disclose or communicate any of the Confidential Information to any third person, partnership, joint venture, company, corporation, entity or other organization, or use the Confidential Information for any purpose or in any manner other than as specifically authorized by VMT. AHM shall take appropriate measures to notify all of its current and future agents, independent contractors, directors, officers, employees and stockholders who have or may have access to the Confidential Information that they are bound to the terms of this Agreement, and that the duty of confidentiality imposed upon each of them hereunder shall survive the cessation of their respective relationships with AHM. AHM shall be liable for any breach of confidentiality by any of its former, current or future agents, independent contractors, directors, officers, employees or stockholders on the same basis as if such breach were made by AHM itself.

2

VMT                                          AHM

4.2 <u>Copying or Reverse-Engineering of Tables.</u> Without limitation of the terms of Section 4.1 hereof, AHM agrees not to use any Confidential Information to copy, reverse-engineer, manufacture, have manufactured on its behalf, or facilitate the manufacture by any other party, of a product similar to the Tables, regardless of whether such Tables (or any part thereof) is or would be patentable by VMT.

4.3 <u>Exception for Judicially Required Disclosure.</u> Notwithstanding Section 4.1 hereof, AHM shall be entitled to disclose Confidential Information if such Confidential Information is required to be disclosed by AHM pursuant to judicial action or governmental regulations or other requirements, provided AHM has notified VMT prior to such disclosure and reasonably cooperates with VMT in the event VMT elects to legally contest, avoid or limit such disclosure.

5  **CONDITION PRECEDENT TO BUSINESS TRANSACTIONS**

It is agreed and understood by and between the parties to this Agreement that, but for the agreement of AHM to comply with the covenants contained herein, VMT would not have agreed to enter into the Distributor Agreement. The existence of any claim or cause of action of AHM against VMT, whether predicated on this Agreement, the Distributor Agreement, or otherwise, shall not constitute a defense to the enforcement by VMT of the covenants contained herein.

6  **LEGAL AUTHORITY TO ENTER INTO AGREEMENT**

Each party hereto represents and warrants to the other party hereto that it has full power and authority to execute, deliver and perform this Agreement in accordance with its terms. Upon execution hereof by each party hereto, this Agreement shall constitute a valid, binding legal obligation of the parties hereto,

7  **SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF**

The parties hereto agree that damages at law will be an insufficient remedy to VMT in the event that any of the covenants of this Agreement are violated by AHM and that VMT shall also be entitled, upon application to a court of competent jurisdiction, to obtain specific performance and injunctive relief to enforce the provisions of this Agreement, in addition to all other remedies available to VMT at law or equity. In the event of litigation arising out of or related to this Confidentiality Agreement, the losing party agrees to reimburse the winning party for all costs and expenses incurred by the winning party relating to the enforcement of the terms of this Agreement, including reasonable fees and disbursements of counsel (both at trial and in appellate proceedings).

3

<u>VMT</u>  <u>AHM</u>

8      REASONABLENESS OF RESTRICTIONS

AHM acknowledges that the terms, conditions and covenants of this Agreement are reasonable, and do not constitute an unfair or restrictive trade practice in violation of any law that may not otherwise govern these covenants, and agrees not to raise any objection to or assert any claim or cause of action based upon the reasonableness or fairness of the terms or provisions of this Agreement.

9      SURVIVAL OF THIS AGREEMENT

The obligations set forth in this Agreement shall survive forever notwithstanding the termination of any or all other business relationships between the parties hereto.

10     GENERAL PROVISIONS

10.1 Notices and Consents. All notices, requests, demands and other communications which are required or may be given under this Agreement shall be in writing and shall be deemed to have been duly given when received if personally delivered; when transmitted if transmitted by telecopy or similar electronic transmission method; one working day after it is sent, if sent by recognized overnight delivery service; and five (5) days after it is sent, if mailed via first class mail. In each case notice shall be sent to-

If to VMT :      Dr. Allan E. Dyer, President, or
                 Dr. Lawrence A. Dyer,
                 VAX-D Medical Technologies,
                 38549 U.S.Highway 19 North
                 Palm Harbor, FL 34684

                 Telecopy: (813) 943-9899

If to AHM :      Dr. Ken Gilbertson
                 Allied Health Management, Inc.
                 11901 St. Charles Rock Rd.
                 Bridgeton, Missouri 63044

                 Tel: 314-739-2900
                 Fax: 314-739-8569

or to such other address as a party hereto may indicate in writing.

4

VMT _____      AHM _____

10.2 <u>Assignment and Transfer</u>  VMT may assign or otherwise transfer its rights under this Agreement at any time, upon delivery of written notice to AHM.

10.3 <u>Waiver of Rights.</u> No failure or delay on the part of VMT in the exercise any power, right or privilege hereunder nor any single or partial exercise of any such power, right or privilege shall operate as a waiver thereof. All rights and remedies existing under this Agreement are cumulative to, and not exclusive of, any rights or remedies otherwise available to VMT.

10.4 <u>Integration:</u> This document sets forth the entire understanding between the parties relating to the subject matter contained herein and supersedes all prior understandings, discussions and agreements, oral or written, between the parties with respect to the subject matter hereof.

10.5 <u>Severability:</u> Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be valid and of full force and effect, but if any provision of this Agreement shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of the provisions of this Agreement.

10.6 <u>Counterparts:</u> This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10.7 <u>Section and Other Headings:</u> The section and other headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

10.8 <u>Entire Agreement: Modification:</u> This Agreement constitutes the entire agreement between the parties to this Agreement with respect to the matter hereof and supersedes all prior agreements and understandings, oral and written as to the subject matter hereof: The terms of this Agreement may be modified or waived only by a separate writing signed by both VMT and AHM.

10.9 <u>Governing Law:</u> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, except for its choice of law rules if such rules would require the application of the substantive law of a state or sovereign nation other than the State of Florida. The parties hereto stipulate to the local, state and federal courts locate in Pinellas County as being the proper and convenient forum for the litigation of any matter which might arise between them with respect to this Agreement.

5



VMT                                         AHM

IN WITNESS WHEREOF, the terms of this Agreement have been accepted and agreed by the parties hereto, and the Agreement has been signed by the duly authorized officers of the parties hereto on the date first above written.

VMT Inc.                                              AHM

By: _____              By: _____
    Lawrence A. Dyer                              Ken Gilbertson

Title:   Vice President                            Title: President

         "VMT"                                       For:   Allied Health Management, Inc.

Date: December 5/96                           Date: 12/4/96