**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VAX-D MEDICAL TECHNOLOGIES, LLC,

    Plaintiff,

v.                                             CASE NO: 8:04-cv-1617-T-26TGW

ALLIED HEALTH MANAGEMENT, LTD., et al.,

    Defendants.
_____/

**O R D E R**

Before the Court are the multiple submissions in support of and in opposition to the various motions for summary judgment filed by the majority of Defendants. The Court has diligently waded through these many and varied submissions in an effort to determine whether Defendants' contentions in support of summary judgment on a variety of issues are well-founded in the evidence and well-taken under the law. After doing so, the Court's conclusion is that it would be manifest error to grant any of the motions because this case is fraught with genuine issues of material fact which can only be resolved by the jury with respect to: (1) whether Plaintiff complied with the notice requirements of 35 U.S.C. § 287(a);[1] (2) whether Plaintiff's therapeutic table has acquired a secondary meaning;[2] (3) whether Plaintiff's trade dress in its

---

[1] See, e.g., Imonex Servs. v. W.H. Munzprufer Dietmar Trenner GMBH, 408 F. 3d 1374, 1377-78 (Fed. Cir. 2005).

[2] See Brooks Mfg. Co. v. Suave Shoe Corp., 716 F. 2d 854, 860 (11th Cir. 1983) (commenting that "we believe that proof of intentional copying (which disputed facts demonstrate may exist in this case) is probative evidence on the secondary meaning issue[.]").

therapeutic table is functional;[3] and (4) whether Plaintiff can prove that the Monahan Defendants engaged in false advertising and unfair competition under the Federal Lanham Act and unfair and deceptive trade practices under Florida's Unfair and Deceptive Trade Practices Act.[4]

In the Court's view, the present posture of this case presents for resolution multiple complex claims involving multiple Defendants occupying differing roles for which summary judgment is simply not appropriate. Plaintiff, at this juncture of the proceedings, has convinced the Court that it is entitled to present its case in the context of a trial. If, however, its evidence fails to satisfy the legal burdens imposed with regard to any of its claims, the Court will have no hesitancy in granting a defendant's motion for judgment as a matter of law pursuant to Rule 50, Federal Rules of Civil Procedure.

Accordingly, it is ordered and adjudged that the Motions for Summary Judgment (Dkts. 176, 178, and 179) are denied.

**DONE AND ORDERED** at Tampa, Florida, on April 10, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[3] See Elmer and HTH, Inc. v. ICC Fabricating, Inc., 67 F. 3d 1571, 1578 (Fed. Cir. 1995) (observing that "[f]unctionality is a question of fact, subject to the substantial evidence standard of review on appeal.") (citing John H. Harland Co. v. Clarke Checks, Inc., 711 F. 2d 966, 982 (11th Cir. 1983).

[4] Although the Court has scheduled oral arguments on the motions at the same time as a Markman hearing, the Court has determined after extensive review of the parties' submissions that it needs no such arguments in resolving the motions.