**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VAX-D MEDICAL TECHNOLOGIES, L.L.C.,

    Plaintiff,
v.                                                  CASE NO: 8:04-cv-1617-T-26TGW

ALLIED HEALTH MANAGEMENT, LTD., et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff's response to this Court's order of April 26, 2006, directing Plaintiff to show cause "why the second amended complaint filed December 2, 2005, should not be dismissed without prejudice as to Defendant Texas Spine Medical Center, a Texas Corporation, and Defendant Daniel Boudreau d/b/a Texas Spine Centers, d/b/a Vax-D Center of Dallas, and d/b/a Arkansas Spine Medical Centers, d/b/a Emerald Citi Werks, for failure to effect service of process on these Defendants within 120 days of the filing of the second amended complaint." After careful consideration of Plaintiff's submissions and arguments, in which it contends that because Defendant Boudreau (Boudreau) "answered the Amended Complaint and participated in the discovery of this case, this Court clearly has established jurisdiction over him and he has received adequate notice of the action against him[,]" together with the record, the Court concludes that Plaintiff has failed to show good cause thus requiring the Court to dismiss the second amended complaint as to these Defendants without prejudice.

Boudreau was first named *individually* in the second amended complaint, the filing of which had the legal effect of superseding the original complaint and the first amended complaint. See Malowney v. Federal Collection Deposit Group, 193 F. 3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes an original complaint.") (citation omitted). As

the record clearly reflects, Plaintiff's attempt to serve Boudreau with the second amended complaint in his individual capacity met with failure.[1] In light of Plaintiff's failure to serve Boudreau, this Court is forbidden from exercising personal jurisdiction over him in this case. See Prewill Enter. v. Organization of Petroleum Exporting States, 353 F. 3d 916, 924-25 (11th Cir. 2003); see also Attwell v. Lasalle Nat'l Bank, 607 F. 2d 1157, 1159 (5th Cir. 1980) (observing that "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process."). Nor is Boudreau obligated to engage in litigation in this case until he is properly served. Prewill, at 924-25. And, to the extent Boudreau may have actual notice of this litigation, such notice, given Plaintiff's failure to serve him, is not enough to allow this Court to exercise personal jurisdiction over him given the lack of substantial compliance with Federal Rule of Civil Procedure 4. Id. at 924 n.14.

With respect to Texas Spine Medical Center, a Texas Corporation (Texas Spine), Plaintiff admits that it is not a corporate entity but a fictitious name under which Boudreau registered to do business in the State of Texas. Consequently, the Court's analysis demonstrating lack of jurisdiction over Boudreau applies with equal force to Texas Spine.

Accordingly, for the reasons expressed, it is ordered and adjudged that this case is dismissed without prejudice as to Defendants Daniel Boudreau and Texas Spine Medical Center.

**DONE AND ORDERED** at Tampa, Florida, on May 4, 2006.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1] See docket 100.